UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-42 (PJS/HB)

UNITED STATES OF AMERICA,

             Plaintiff,

v.

DONTAY LAVARICE REESE,

             Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS
PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE
11(c)(1)(C)**

The United States of America and Dontay Lavarice Reese (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with kidnapping, in violation of 18 U.S.C. § 1201(a)(1).

2.    **Factual Basis.** The Defendant agrees that the following summary fairly and accurately sets forth the Defendant's offense conduct and a factual basis for the guilty plea. The Defendant further agrees that the Government would present the following evidence at trial and the facts set forth in the summary below could be established beyond a reasonable doubt if the case were to proceed to trial:

    a.    On or about August 6, 2017, in the State and District of Minnesota, the Defendant offered to drive T.M. home in a Jeep

SCANNED
FEB 14 2019
U.S. DISTRICT COURT MPLS

Cherokee.  T.M. provided the Defendant with directions to her home, but the Defendant did not follow the directions.  T.M. attempted to exit the Jeep Cherokee multiple times, including unbuckling her seat belt and opening the passenger door, while in the State and District of Minnesota, and asked the Defendant to stop the vehicle so she could get out.

b.   The Defendant willfully and unlawfully confined, kidnapped, and carried away T.M. by refusing to let her get out of the vehicle. For example, the Defendant reached over T.M. to shut the passenger door after she opened it, drove erratically at high rates of speed, called her vulgar names, and held her head down towards the center console multiple times so that other drivers could not see her.

c.   Prior to leaving the State and District of Minnesota, the Defendant held T.M. for his own benefit and purpose and told T.M. that he would take T.M. "several states away" and use T.M. to make money as a prostitute.  The Defendant told T.M. that he was on probation in the State of Minnesota and that is why he planned to take her away from the State of Minnesota.

d.   In furtherance of confining, kidnapping, carrying away, and holding T.M. for his own benefit and purpose, the Defendant willfully transported T.M. in interstate and foreign commerce from the State of Minnesota to the State of Wisconsin.  T.M. attempted to escape from the Defendant at least two additional times in Eau Claire, Wisconsin and in Northfield, Wisconsin. The Defendant physically restrained T.M. and used other tactics to prevent her from escaping from him, including raping T.M. two times.

e.   Prior to their first meeting on August 6, 2017, the Defendant and T.M. did not know each other.

f.   During all times relevant to this offense, the Defendant was on probation in ~~Ramsey County~~, Minnesota, and was required to register as a sex offender due to a 2004 felony conviction in state court in Dakota County, Minnesota, for Criminal Sexual Conduct – 2nd Degree – fear of great bodily harm in case number 19-K6-03-003626.

3.      **Waiver of Pretrial Motions**. The Defendant understands and agrees that Defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to file any additional pre-trial motions in this case and to withdraw any pending motions.

4.      **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

  a.          a maximum of life imprisonment;
  b.          a supervised release term of up to five years;
  c.          a fine of up to $250,000;
  d.          a mandatory special assessment of $100; and
  e.          payment of mandatory restitution in an amount to be determined by the Court.

5.      **Revocation of Supervised Release**. The Defendant understands that if Defendant were to violate any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6.      **Guideline Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with the Federal Sentencing Act, 18 U.S.C. § 3551, et seq., with reference to the applicable United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining whether to accept this plea agreement and whether to accept the parties'

Rule 11(c)(1)(C) stipulation below.  The parties stipulate to the following Guideline calculations:

a.  Base Offense Level. The parties agree that the base offense level for Kidnapping is **32**. (U.S.S.G. § 2A4.1(a)).

b.  Specific Offense Characteristics. The parties agree that **2** levels are added because the offense involved serious bodily injury to the victim.  (U.S.S.G. § 2A4.1(b)(2)(B)). The parties agree that **6** levels are added because the Defendant sexually exploited the victim. (U.S.S.G. § 2A4.1(b)(5)).  The parties agree that no other specific offense characteristics apply.

c.  Acceptance of Responsibility and Other Chapter 3 Adjustments. The parties agree that if Defendant (1) provides full, complete, and truthful disclosures to the United States Probation and Pretrial Services Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; and (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the Government agrees to recommend that Defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and to move for an additional one-level reduction under § 3E1.1(b). This three-level reduction results in an adjusted offense level of **37**.

d.  Criminal History Category. Based on information available at this time, the parties believe that the Defendant's criminal history category is **VI**.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.

e.  Advisory Guideline Range. If the offense level is **37**, and the criminal history category is **VI**, then the resulting advisory Guideline range is 360 months to life in prison.  The parties understand that the Court will make the final determination of both the final adjusted offense level and criminal history category at the sentencing hearing.

f.  Fine Range. If the adjusted offense level is **37**, the fine range is $40,000 to $400,000.  (U.S.S.G. § 5E1.2).

g.     Supervised Release.  The Sentencing Guidelines require a term of supervised release of at least two years but not more than five years. (U.S.S.G. § 5D1.2).

7.     **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category.

8.     **Stipulated Term of Imprisonment and Supervised Release**.  Based on the facts and circumstances in this case, the United States and the Defendant agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the appropriate disposition of this case is as follows:

a. a sentence of imprisonment of 324 months (minus the time spent in custody prior to sentencing as set out in paragraph 9);

b. a five year term of supervised release;

c. that the Court should order that the sentence of imprisonment be served concurrently with the sentence to be imposed in *State of Wisconsin v. Dontay L. Reese*, Criminal Case No. 2017CF000159 (Jackson County, Wisconsin).

The parties agree that if this plea agreement is accepted by the Court, the agreed disposition set forth in paragraphs 8a, 8b, and 8c will be binding on the Court. The parties agree to advocate for a sentence of imprisonment of 324 months, a five year term of supervised release, and that the sentence of imprisonment be served concurrently with the

sentence to be imposed in *State of Wisconsin v. Dontay L. Reese*, Criminal Case No. 2017CF000159 (Jackson County, Wisconsin) . The agreed sentence is based on the parties' consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

The parties acknowledge and agree that this stipulation under Rule 11(c)(1)(C) is limited to the issues set forth in paragraphs 8a, 8b, and 8c and that this stipulation has no effect on the Court's authority and discretion to impose a fine, restitution, or any and all other applicable penalties and conditions as the result of the Defendant's conviction on Count 1 of the Indictment. If the Court declines to accept this plea agreement and the agreed sentencing disposition set out in paragraphs 8a, 8b, and 8c, either party may withdraw from the agreement.

9.    **Credit for Time Served.**   The parties agree that the defendant should receive credit for all time spent in state or federal custody since his arrest for this incident on August 6, 2017. It is the parties' understanding that the Bureau of Prisons will not give credit for this time because, according to Wisconsin State procedure, it will be credited to his state court sentence.  Pursuant to U.S.S.G. § 5G.1.3(b)(1), therefore, the parties agree that the Court shall adjust the sentence it intends to impose to reflect the time served from August 6, 2017 to the date of sentencing, even though that will result in a sentence of less than 324 months. In the event the Court imposes a sentence of less than 324 months to reflect the time already served since August 6, 2017, that would not be a basis for the government to withdraw from the plea agreement.

10.    **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the Defendant is

convicted. U.S.S.G. § 5E1.3. The Defendant agrees the special assessment is due and payable at the time of sentencing.

11.    **Restitution**. The Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. §3663A, applies and that the Court is required to order the Defendant to make restitution to T.M., the victim of his crime. There is no agreement as to the amount of restitution.

12.    **Waivers of Appeal and Collateral Attack**. The Defendant understands that by pleading guilty, the Defendant is waiving the right to appeal the Defendant's conviction on Count 1 of the Indictment and the issue of the Defendant's guilt. The Defendant agrees that the Court's acceptance of the Defendant's guilty plea on Count 1 of the Indictment is the final resolution of the Defendant's guilt.

The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this Plea Agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal the Defendant's sentence if the Court imposes a sentence of 324 months of imprisonment, concurrent with the sentence to be imposed in *State of Wisconsin v. Dontay L. Reese*, Criminal Case No. 2017CF000159 (Jackson County, Wisconsin), a five year term of supervised release, and if the Court adjusts the sentence in accordance with paragraph 9.

In addition, the Defendant expressly waives the right to petition under 28 U.S.C. § 2255, but reserves the right to raise the issue of ineffective assistance of counsel. The Defendant has discussed these rights with the Defendant's attorney. The Defendant

understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

13.     **FOIA Requests.**  The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act (FOIA) and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14.   **Complete Agreement**.   This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant.


Date:

2/13/19

ERICA H. MacDONALD
United States Attorney

BY:  ANGELA M. MUNOZ-KAPHING
Assistant U.S. Attorney


Date: 2-13-19

DONTAY LAVARICE REESE
Defendant


Date: 2/13/2019

ROBERT RICHMAN
Counsel for Defendant