UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0042(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DONTAY LAVARICE REESE, | |
| Defendant. | |

Angela M. Munoz-Kaphing and John Docherty, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Dontay Lavarice Reese, pro se.

Defendant Dontay Reese pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and is awaiting sentencing. After pleading guilty, Reese moved to represent himself and to withdraw his plea. The Court conducted a lengthy hearing on those motions on March 27, 2019. At the hearing, the Court granted Reese's motion to represent himself and denied his motion to withdraw his plea. ECF No. 120.

Since then, Reese has filed a steady stream of motions and other papers seeking additional discovery, asking to withdraw his plea, and making various other requests. The Court recently issued an order concerning Reese's motion to compel production of unredacted discovery materials. ECF No. 147. This order addresses Reese's remaining discovery requests and other miscellaneous matters.

1. Request for Travel and Investigative Funding [ECF No. 145]

In the parties' plea agreement (which Reese carefully reviewed with his attorney before signing) and then again at Reese's change-of-plea hearing before the undersigned (after Reese swore an oath to tell the truth and was fully informed of his rights and the consequences of admitting guilt), Reese admitted to the following: On August 6, 2017, Reese offered the victim a ride home. Once the victim was in his car, however, Reese refused to follow her directions to her house. While Reese and his victim were still in Minnesota, the victim asked Reese to stop the car and attempted to get out of the car multiple times, including by unbuckling her seat belt and opening the passenger door. Reese reached over the victim to shut the passenger door, drove erratically at high rates of speed, called the victim vulgar names, and held her head down multiple times so that other drivers could not see her. He also told her that he would take her several states away and prostitute her to make money. Reese drove the victim to Wisconsin, where the victim attempted to escape at least two more times. Reese physically prevented her from escaping and raped her twice. *See generally* ECF No. 104 ¶ 2.

Reese now contends that there was a third person in his car during the kidnapping. He asks for funding to hire an investigator to prove the existence of surveillance cameras in a Wal-Mart parking lot that, according to Reese, would have

captured footage showing three people in his car.  (Reese seems to contend that such footage was at one point in either the government's or his former counsel's possession but is now missing.)

A court may authorize investigative, expert, or other services for a person who is financially unable to obtain them.[1]  18 U.S.C. § 3006A(e)(1).  To authorize such services, a court must find that the services are "necessary."  *Id.*  Reese bears the burden of showing that the services are necessary.[2]  *United States v. Obasi*, 435 F.3d 847, 852 (8th Cir. 2006).

The evidence that Reese is seeking is not relevant to any upcoming proceeding. Instead, Reese is seeking this evidence to support his motion to withdraw his plea on the basis of innocence.  Reese cites no authority that would authorize the expenditure of funds under § 3006A(e) for this purpose.  Moreover, even if such expenditures may be

---

[1] Requests for such services may be made by ex parte application.  18 U.S.C. § 3006A(e)(1).  Although Reese has submitted other requests marked "ex parte," his request for investigative services was not so marked.  Instead, it was marked—and accordingly docketed—under seal.

[2] It is possible that funding for services under § 3006A(e) is categorically unavailable to pro se defendants.  *See Green v. United States*, 323 F.3d 1100, 1104-05 (8th Cir. 2003) (holding that pro se defendants are not entitled to recover costs under § 3006A(d)(5)); *United States v. Wetsch*, No. 12-CR-0045 (SRN/JJG), 2013 WL 317545, at *2-3 (D. Minn. Jan. 28, 2013) (extending *Green* to a request for funding under § 3006A(e)).  The Court need not reach the issue, however, because even if such funding is available in pro se cases, Reese has failed to show that the investigative services he seeks are necessary.

authorized under § 3006A(e), Reese does not provide any details about this alleged additional passenger, nor explain how proof of this person's presence would be exculpatory (particularly given the admissions that Reese has already made). *United States v. Kasto*, 584 F.2d 268, 273 (8th Cir. 1978) ("a trial court need not authorize an expenditure under subdivision (e) for a mere fishing expedition" (cleaned up)).

Reese's request is the very definition of a fishing expedition. Reese is seeking to prove the existence of a surveillance camera that he thinks would have captured footage of a third person in his car—a person whose identity he should know, but whom he has never identified and whose relevance he has never explained. Moreover, because Reese would have known about this alleged additional passenger at the time that he pleaded guilty, evidence of that person's presence cannot provide an adequate ground to withdraw his plea. *See United States v. Harvey*, 829 F.3d 586, 590 (8th Cir. 2016) ("Harvey's claims of innocence alone do not demonstrate a fair and just reason to allow him to withdraw his plea, particularly when these claims were based on information available to Harvey before he pled nolo contendere."). As Reese has failed to meet his burden of showing that investigative services are necessary, the Court denies Reese's motion for funding.

2. Motion for *Brady* and *Giglio* Materials [ECF No. 136]

Reese moves to compel production of materials under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). As the government notes, this motion is both untimely and duplicative, as the Court has already granted Reese's motion (through counsel) for these materials. *See* ECF No. 28 ¶ 3 (requiring all pretrial motions to be filed on or before August 21, 2018); ECF No. 52 ¶ 3 (order granting Reese's motion for production of *Brady* and *Giglio* materials). The government represents that it has complied and will continue to comply with its *Brady* and *Giglio* obligations. Reese has cited no evidence suggesting otherwise. His motion is therefore denied as moot.

3. Motion for Jencks Act Materials [ECF No. 142]

Reese moves for production of materials under the Jencks Act, 18 U.S.C. § 3500. Generally speaking, the Jencks Act requires the government to disclose statements of government witnesses that relate to the subjects to which the witness testified on direct examination. 18 U.S.C. § 3500(b). A court cannot require the government to produce the statements in advance of trial. 18 U.S.C. § 3500(a); *United States v. White*, 750 F.2d 726, 728-29 (8th Cir. 1984).

As with Reese's *Brady* motion, this motion is both untimely and duplicative. *See* ECF No. 28 ¶ 3 (requiring all pretrial motions to be filed on or before August 21, 2018); ECF No. 52 ¶ 6 (denying Reese's motion for early production of Jencks Act material, but

noting that the government voluntarily agreed to provide the material no later than three days before trial). Moreover, as Reese has pleaded guilty, there will be no trial in this case, nor has the government suggested that it will present any testimony at the sentencing hearing. *See United States v. Pope*, 415 F.2d 685, 689 (8th Cir. 1969) (statements of postal inspector who did not testify at trial were not required to be produced under the Jencks Act). Accordingly, this motion is denied.

4. Letter Regarding Medical Concerns [ECF No. 138]

Finally, Reese has submitted a letter indicating that he has various unspecified concerns with the medical care he is receiving in his detention facility and requesting unspecified assistance. The Court will not act on such a vague request. More importantly, the Court does not have general supervisory authority over the provision of medical care in the detention facility. Reese's request is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's request for investigative and travel funding [ECF No. 145] is DENIED.

2. Defendant's motion to compel production of *Brady* and *Giglio* evidence [ECF No. 136] is DENIED AS MOOT.

3. Defendant's motion to compel disclosure of Jencks Act materials [ECF No. 142] is DENIED.

4. Defendant's request for assistance with medical care [ECF No. 138] is DENIED.

Dated: May 8, 2019     s/Patrick J. Schiltz
                       Patrick J. Schiltz
                       United States District Judge