UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0042(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DONTAY LAVARICE REESE, | |
| Defendant. | |

Angela M. Munoz-Kaphing and John Docherty, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Dontay Lavarice Reese, pro se.

Defendant Dontay Reese pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and is awaiting sentencing. After pleading guilty, Reese (among other things) filed a motion to represent himself, which the Court granted after conducting a hearing on the matter.

This matter is before the Court on Reese's motion to dismiss the indictment due to alleged defects in the grand-jury proceedings, including alleged prosecutorial misconduct and the alleged exclusion of minorities from the grand jury. He also seeks disclosure of the names of the grand jurors as well as grand-jury transcripts to support

his allegations, arguing, in particular, that false and misleading evidence was presented to the grand jury. Reese further contends that he is entitled to grand-jury transcripts so that he can more effectively cross-examine the witnesses who testified before the grand jury.

With respect to Reese's motion to dismiss the indictment: Reese's guilty plea forecloses any challenge based on non-jurisdictional defects in the prior proceedings. *United States v. Seay*, 620 F.3d 919, 921 (8th Cir. 2010). As a result, Reese is barred from seeking dismissal based on alleged prosecutorial misconduct before the grand jury. *See United States v. Coleman*, 653 F. App'x 712, 713-14 (11th Cir. 2016) (per curiam) (defendant's guilty plea foreclosed challenge to alleged perjured testimony before grand jury); *Any v. United States*, 47 F. 3d 1156, 1995 WL 83965, at *4 (1st Cir. 1995) (per curiam) (unpublished table decision) (same); *see also United States v. Cain*, 134 F.3d 1345, 1352-53 (8th Cir. 1998) (defendant's guilty plea waived claim of prosecutorial misconduct). Similarly, Reese can no longer seek dismissal of the indictment based on the racial composition of the grand jury. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

With respect to Reese's motion for grand-jury transcripts: A court may authorize disclosure of grand-jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the

grand jury[.]" Fed. R. Crim. P. 6(e)(3)(E)(ii).  "A criminal defendant must point to specific evidence of prosecutorial overreaching in order to show particularized need to consult grand jury transcripts." *United States v. Lame*, 716 F.2d 515, 518 (8th Cir. 1983). Reese has no evidence that any prosecutor engaged in misconduct before the grand jury. His conclusory and baseless allegation that false evidence was presented to the grand jury fails to meet this standard. Moreover, as noted, Reese's guilty plea forecloses his challenge to the indictment; Reese therefore cannot show that a "ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

Reese also states that he needs the transcripts to cross-examine government witnesses. It is true that, under the Jencks Act, the government must disclose statements of a government witness that relate to the subjects to which the witness testifies on direct examination. 18 U.S.C. § 3500(b). But there will not be any government witnesses testifying on direct examination in this case. Reese has pleaded guilty, so there will be no trial, and the government has given no indication that it intends to present testimony at the sentencing hearing. Reese is therefore not entitled to grand-jury transcripts under the Jencks Act.

With respect to Reese's motion for production of information concerning the composition of the grand jury: Under 28 U.S.C. § 1867(f), litigants are generally entitled

to inspect, reproduce, and copy "records [and] papers used by the jury commission or clerk in connection with the jury selection process" for the purpose of preparing a motion to challenge the procedures used to select the grand or petit jury. *See United States v. Stanko*, 528 F.3d 581, 586-87 (8th Cir. 2008). As noted, however, Reese's guilty plea forecloses his challenge to the indictment on the basis of defects in the selection of the grand jury. As a result, Reese is not entitled to grand-jury selection records. *See United States v. Valentin*, 188 F.3d 510, 1999 WL 644381, at *1 (6th Cir. 1999) (unpublished table decision).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to dismiss and for disclosure of grand-jury transcripts and records [ECF No. 159] is DENIED.

Dated: May 29, 2019    s/Patrick J. Schiltz
　　　　　　　　　　　　　Patrick J. Schiltz
　　　　　　　　　　　　　United States District Judge