UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0042(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DONTAY LAVARICE REESE, | |
| Defendant. | |

Defendant Dontay Reese pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and is awaiting sentencing. After pleading guilty, Reese began representing himself; the Court appointed Robert Richman, his former counsel, to serve as standby counsel. Since then, Reese has filed about 60 motions and letters, including multiple motions to withdraw his plea and for discovery. Reese also moved to replace Richman as standby counsel.

The Court conducted a hearing on Reese's motion to replace Richman as standby counsel on June 4, 2019. After concluding that Reese was making improper demands of Richman, the Court denied Reese's motion, relieved Richman of his responsibilities as standby counsel, and gave Reese the option of proceeding pro se with no standby counsel or once again being represented by Richman as his appointed counsel.[1] The

---

[1] Reese has also been told on multiple occasions that he is free to hire his own attorney at any time.

Court did not ask Reese to make an immediate decision, but rather told him that he should contact the Court if he wanted Richman to be reappointed. *See* ECF Nos. 188, 195.

To address the logistical difficulties presented by Reese's request for access to all of the evidentiary materials that had been produced to his former counsel (some of those materials are subject to a protective order, *see* ECF No. 26), the Court arranged for Reese to have three days at the courthouse—May 22, 23, and 24—to view the unredacted materials, *see* ECF No. 147. Due to an oversight, Reese was not transported to the courthouse on May 22. He was likewise not transported to the courthouse on May 23 because he consumed various non-edible items (apparently including a pencil and paper), and jail staff determined that it was not safe for him to travel. He was transported to the courthouse on May 24 and was given an opportunity to view the evidentiary materials. He was given a further opportunity to view the materials on June 4 to substitute for May 22 (the day on which he was not transported to the courthouse through no fault of his own). The Court did not offer a make-up day for May 23, because Reese's own misconduct caused him to miss that day.

This matter is before the Court on multiple new filings from Reese: (1) various requests for discovery and evidentiary materials; (2) another motion for new standby counsel and related motions to postpone sentencing and for a status conference;

(3) another motion to withdraw his plea; (4) a motion to dismiss; and (5) another request to postpone sentencing. Moreover, despite having filed two motions to postpone sentencing, Reese separately complains that this case is taking too long and contends that he does *not* want to delay sentencing. *See* ECF No. 210.

With respect to discovery: Reese's various requests for discovery and evidentiary materials are denied for the reasons described in the government's June 24, 2019 memorandum. ECF No. 202. Reese has had ample opportunity to view all of the unredacted materials that had previously been produced to his attorneys.

With respect to Reese's motion for new standby counsel: Reese contends that he has now sued Richman for malpractice and that, as a result, Richman has a conflict of interest and must be replaced as standby counsel. But the Court cannot replace Richman as standby counsel because Richman is no longer serving as standby counsel. As the Court has repeatedly explained to Reese, he does not have a constitutional right to standby counsel, and given his improper behavior toward Richman, the Court will not appoint another attorney to serve as his standby counsel. *See* ECF No. 195. Because the Court is denying Reese's motion for new standby counsel, his related motions to postpone sentencing and for a pre-sentencing status conference to address the issue of counsel [ECF Nos. 208, 210] are also denied.[2]

---

[2]Reese also requests a status conference to address "the fact that motion[s] have
(continued...)

As noted above, the Court has also informed Reese that it will reappoint Richman as counsel (not standby counsel) if Reese submits a request in writing clearly stating that (1) he no longer wishes to represent himself and (2) he wants the Court to reappoint Richman to represent him. ECF No. 195. To date, Reese has not made such a request.³ The Court notes that Reese cannot disqualify Richman and force the Court to appoint a different attorney to represent him merely by bringing a lawsuit against Richman. *See Smith v. Lockhart*, 923 F.2d 1314, 1321 n.11 (8th Cir. 1991) ("A patently frivolous lawsuit brought by a defendant against his or her counsel may not, alone, constitute cause for appointment of new counsel. Trial judges must be wary of defendants who employ complaints about counsel as dilatory tactics or for some other invidious motive."). Reese pulled this stunt once, bringing a frivolous lawsuit against his former attorney (Matthew Mankey) in an attempt to force the Court to appoint a

---

²(...continued)
been entered into the docket against my will and knowing." ECF No. 210. Reese does not identify which motions were allegedly sent to the Court without his knowledge or consent. It does not matter, however, as the Court has denied all of Reese's substantive motions, and thus Reese has not suffered any prejudice if any of those motions were filed without his knowledge or consent.

³Reese requests a status conference to "address the matter of appointment of counsel." ECF No. 210. The Court construes this as a request regarding appointment of standby counsel (as opposed to counsel) because it does not comport with the Court's clear instructions to Reese about how to request appointment of counsel. *See* ECF No. 195.

new attorney. The Court will not permit Reese to continue to "fire" his attorneys by bringing lawsuits against them.

With respect to Reese's latest motion to withdraw his plea: Reese states in his motion that a memorandum will follow, but the Court has received no such memorandum. Regardless, Reese's motion is as frivolous as his earlier motions and raises claims that the Court has already rejected, including vague claims of ineffective assistance of counsel and a claim that his guilty plea was not knowing, intelligent, and voluntary. The Court presided at the hearing at which Reese pleaded guilty, and then the Court presided at a hearing regarding (among other issues) the validity of Reese's plea. The Court has no doubt that Reese's guilty plea was knowing, intelligent, and voluntary. *See* ECF No. 178.

Reese also contends that his speedy-trial rights were violated due to forged documentation, echoing an allegation he made at the March 27, 2019 *Faretta* hearing. At that hearing, Richman explained the circumstances under which Reese's signature was obtained on a statement of facts in support of a request for exclusion of time under the Speedy Trial Act. ECF No. 150 at 26-27; *see also* ECF No. 88 (statement of facts). Even in the unlikely event that Reese's signature on this document was forged by someone at the Sherburne County Jail, the signature was certainly not forged by Richman, and thus

the forgery would provide no basis to disqualify Richman or otherwise establish ineffective assistance.

Moreover, Reese does not explain how his speedy-trial rights were actually violated. Shortly before trial was scheduled to begin on November 13, 2018, Reese filed a frivolous lawsuit against his attorney (Mankey) and sought new counsel. After holding a hearing on November 5, the Court agreed to appoint new counsel, but warned Reese that the trial would have to be rescheduled. ECF No. 85 at 35.[4] The Court then appointed Richman, who promptly moved to continue the trial and exclude time under the Speedy Trial Act. The Court granted the motion after finding that the ends of justice served by continuing the trial date outweighed the interest of the public and the defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). *See* ECF No. 89. As this Court explained in a similar case:

> [The defendant] did not *need* to sign or consent to his attorney's motion to exclude time. "[T]he plain language of section 3161(h)(7)(A) 'does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Herbst*, 666 F.3d 504, 510 (8th Cir. 2012) (quoting *United States v. Sobh*, 571 F.3d 600, 603 (6th Cir. 2009)); *see also United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015). [The defendant's] attorney requested a continuance for legitimate reasons—his client had just announced that he had changed his mind

---

[4]The Court cites to this transcript's internal pagination.

> about pleading guilty—and the Court granted the
> continuance to serve the ends of justice. It does not matter
> whether [the defendant] affirmatively consented to the filing
> of the motion to exclude time.

*United States v. Sevilla-Acosta*, No. 10-CR-0230(22) (PJS/FLN), 2016 WL 4179360, at *7 (D. Minn. Aug. 5, 2016). In short, regardless of the authenticity of the signature on the statement of facts in support of Richman's motion, the Court's exclusion of time under the Speedy Trial Act did not violate any of Reese's rights.

With respect to Reese's motion to dismiss: Reese contends, again, that he received ineffective assistance of counsel and that his speedy-trial rights were violated. Reese's complaints about his speedy-trial rights are rather audacious, given that Reese has done everything within his power to delay and disrupt these proceedings, including faking mental illness and refusing to appear at hearings. Putting that aside, Reese cites no authority for the proposition that dismissal of the indictment is an appropriate remedy for ineffective assistance of counsel. And, as already explained, Reese's speedy-trial rights have not been violated (and his guilty plea forecloses any challenge to the indictment on speedy-trial grounds). *See United States v. Taylor*, 204 F.3d 828, 829 (8th Cir. 2000) (per curiam). Reese also complains yet again that his guilty plea was involuntary and uninformed; as noted, the Court has already rejected Reese's claim—and, even if Reese had a valid claim, the remedy would be to allow him to withdraw his plea, not to dismiss the indictment. Reese's motion to dismiss is denied.

Finally, with respect to Reese's most recent request to postpone sentencing: Reese received the preliminary presentence report ("PSR") on May 12, 2019, ECF No. 167 at 4, and was given a copy of the final PSR—which, so far as appears from the record, differs only slightly from the preliminary version, see ECF No. 180 at 39—immediately following the hearing on June 4, 2019. Reese has had ample time to prepare for sentencing and, as noted, has had ample opportunity to view the discovery in this case. Rather than focusing on sentencing, Reese has instead chosen to spend his time firing off a fusillade of frivolous motions and other filings in an attempt to derail these proceedings. Reese's request to postpone sentencing is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motions and letter requests [ECF Nos. 191, 192, 201, 207, 208, 210, 211, 212, and 215] are DENIED.

Dated: July 1, 2019

s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge