UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 18-cr-42 (PJS/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONTAY LAVARICE REESE,<br><br>Defendant. | **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PSR** |

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Angela M. Munoz-Kaphing, Assistant United States Attorney, hereby submits its Response to the Defendant's Objections to the PSR (Dkt. Nos. 205, 206).

**A. Factual Objections**

The preliminary draft of the PreSentence Investigation Report was issued on May 8, 2019, and the parties' objections and proposed amendments were due on May 22, 2019. (Dkt. No. 152). The Defendant provided the PSR author with two sets of handwritten objections and proposed amendments. The first is dated May 21, 2019, and was filed on CM/ECF on June 26, 2019. (Dkt. No. 205). This document includes several objections to the convictions in the Defendant's criminal history, and one vague, blanket objection to the offense conduct section. *Id.*

The second is dated June 13, 2019, and was also filed on CM/ECF on June 26, 2019. (Dkt. No. 206). In this document, the Defendant appears to object to a number of the paragraphs describing the offense conduct section of the PSR, and two paragraphs regarding

1

specific offense characteristics. The Defendant requests that paragraphs 10-17 be "remove[d] entirely." (Dkt. No. 206). The Defendant also requests that paragraphs 23 and 24, which address two specific offense characteristics – serious bodily injury and dangerous weapon – be "remove[d] entirely." *Id.*

The Defendant neglected to serve the Government with either of his handwritten documents. The Court provided the Government with a copy of the Defendant's handwritten documents on June 25, 2019.

The Defendant's objections and proposed amendments should be denied for several reasons. First, the objections and proposed amendments in the handwritten document filed at Docket No. 206 should be denied as untimely. The Federal Rules of Criminal Procedure require that parties must object in writing within fourteen days after receiving the PSR. *See* Fed. R. Crim. P. 32(f)(1). The Court may, for good cause, allow a party to make a new objection before sentence is imposed. *See* Fed. R. Crim. P. 32(i)(1)(D). The document filed at Docket Number 206 is dated nearly three weeks after the deadline for objections and proposed amendments, and filed nearly five weeks after that deadline. The Defendant has not established that good cause exists to permit his untimely objections and proposed amendments. During the March 27, 2019 *Faretta* hearing, the Court gave the Defendant multiple warnings that he would not receive special accommodations simply because he is *pro se*: "It's also likely that [Defendant's former counsel will] be aware of deadlines and other procedural rules that you're not going to be aware of, and that your lack of knowledge might cause you to lose the ability to raise certain issues or make certain arguments." (March 27, 2019 Transcript at 58).

Second the vague, blanket objection in the May 21, 2019 filing (Dkt. No. 205) should be denied as not complying with the Eighth Circuit's requirement for articulating objections to PSRs.  In his letter, the Defendant simply writes "[a]lso objecting to the details of the crime in [sic] there [sic] interety."  (Dkt. No. 205).  The Eighth Circuit requires that, unless a party objects "with specificity and clarity" to factual statements in the PSR, the district court may accept those facts as true at sentencing.  *See United States v. Dokes*, 872 F.3d 886, 889 (8th Cir. 2017) (citing *United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008), *cert. denied*, 555 U.S. 1193, 129 S.Ct. 1365, 173 L.Ed.2d 624 (2009).  The Defendant fails to identify a specific paragraph or articulate a specific objection to the factual statements in the offense conduct section.  As such, the objection identified in the May 21, 2019 filing should be rejected.

Finally, the Defendant's objections to the offense conduct section should be denied because they are inconsistent with the factual basis that he has admitted to at the change of plea hearing.  (Dkt. No. 104).  The Defendant made numerous admissions under oath at the change of plea hearing, and he should not be permitted to later file objections to those same facts.

If the Court determines that the Defendant has offered objections with the requisite "specificity and clarity" or that the Defendant has established good cause for the untimely objections, then the Government will offer the following exhibits at the July 2, 2019 Sentencing Hearing:

| Exhibit Number | Description |
|---|---|
| 1 | Audio Recording of 911 Call |
| 2 | Transcript of Audio Recording of 911 Call |
| 3 | Photograph of Jeep used by Defendant to facilitate kidnapping |
| 4 | Photograph of wooded area |
| 5 | Surveillance Video from Cenex Gas Station |
| 6 | Map of Downtown Minneapolis |
| 7 | Surveillance Video from Wal-Mart in Eau Claire, Wisconsin |
| 8 | Excerpt of Wisconsin State Patrol Video |
| 9 | Photographs of Clothing and Other Items Recovered From Jeep and Wooded Area |
| 10 | BCA Report |
| 11 | BCA Report |

The Government must prove by a preponderance of the evidence each of the facts necessary to establish a sentencing enhancement. *See United States v. Bledsoe*, 445 F.3d 1069, 1073 (8th Cir.2006). With respect to the Defendant's objection to the victim's bodily injury, the Government offers Exhibits 5 and 7, which are surveillance videos from commercial establishments, which document the physical violence that the victim endured and left her with serious bodily injury. Relatedly, Exhibits 10, and 11 corroborate the violent sexual assault committed by the Defendant against the victim. The Guidelines consider criminal sexual abuse to be serious bodily injury. *See U.S.S.G. § 1B1.1*. The Government will not offer any exhibits or testimony on the dangerous weapon enhancement because neither the parties nor probation determined that this enhancement applies.

**B. Criminal History Objections**

The Defendant appears to object to a number of the convictions described in the criminal history section of the PSR. (Dkt. No. 205). The Government will offer certified copies of the following convictions at the July 2, 2019 Sentencing Hearing:

| Exhibit Number | PSR Paragraph Number | Conviction |
|---|---|---|
| 12 | 62 | Docket No. 19-K6-03-003626<br>Second Degree Criminal Sexual Conduct – Fear Great Bodily Harm (Felony)<br>Dakota County District Court, Hastings, MN |
| 13 | 68 | Docket No. 19HA-CR-12-2367<br>Domestic Assault – Subsequent Violation (Gross Misdemeanor)<br>Dakota County District Court, Hastings, MN |
| 14 | 68 | Docket No. 19HA-CR-16-2432<br>Failure to Register as a Predatory Offender<br>Dakota County District Court, Hastings, MN |
| 15 | 74 | Docket No. 19HA-CR-13-3372<br>Violate No Contact Order Within 10 Years of First of Two or More Convictions (Felony)<br>Dakota County District Court, Hastings, MN |
| 16 | 76 | Docket No. 82-CR-16-3285<br>Domestic Assault (Felony)<br>Washington County District Court, Stillwater, MN |

Government Exhibits 12-16 establish that the Defendant was convicted of the offenses that he now claims "never happened." (Dkt. No. 205). The certified copies of the Defendant's prior convictions are self-authenticating, and the Government will not offer testimony regarding the prior convictions. *See United States v. Caldwell*, 726 Fed. Appx. 495, 497 (8th Cir. 2018); *United States v. Darveaux*, 830 F.2d 124, 126-27 (8th Cir. 1987).

### C. Restitution

Although the Defendant agreed in the plea agreement that he "understands and agrees that the Mandatory Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the Defendant to make restitution to T.M., the victim of his crime," it appears that the Defendant is now objecting to restitution. (Dkt. No. 206). Due to the nature of the Defendant's crime, restitution is mandatory in this case. 18 U.S.C. § 3663A. At the July 2,

2019 Sentencing Hearing, the Government will request that the Court hold open the restitution for an additional 90-day period so that T.M. can ascertain her losses and submit a request to the Court.  *See* 18 U.S.C. § 3664 (d)(5).

Dated: July 1, 2019                                         Respectfully Submitted,

                                                            ERICA H. MacDONALD
                                                            United States Attorney

                                                            */s/ Angela M. Munoz-Kaphing*

                                                            BY:  ANGELA M. MUNOZ-KAPHING
                                                            Assistant United States Attorney