UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-0042(1) (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| DONTAY LAVARICE REESE, | |
| Defendant. | |

Defendant Dontay Reese pleaded guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. On July 2, 2019, the Court accepted the plea agreement and imposed the parties' agreed-upon sentence of 301 months, which represented a sentence of 324 months minus the 23 months that Reese had already spent in custody.

This matter is before the Court on Reese's motion to withdraw his plea, for re-sentencing, and for the government to release certain property to a third party. For the reasons that follow, the motion is denied.

With respect to Reese's motion to withdraw his plea: Under Fed. R. Crim. P. 11(e), a defendant's guilty plea becomes final upon sentencing and "the plea may be set aside only on direct appeal or collateral attack." Reese's motion to withdraw his plea is therefore denied.

With respect to his motion for re-sentencing: Reese does not cite any authority that would allow the Court to modify his sentence. *See Dillon v. United States*, 560 U.S. 817, 824 (2010) (a judgment of conviction that includes a sentence of imprisonment "may not be modified by a district court except in limited circumstances"). Even if the Court had authority to modify Reese's sentence, it would not do so, as the Court imposed the sentence to which the parties agreed in the Rule 11(c)(1)(C) plea agreement.[1]

---

[1] The Court notes that Reese's contention that he did not receive the required seven days' notice of the final presentence report ("PSR") is false. At the June 4, 2019 status conference, the Court directed Reese's former counsel (who was present at the hearing and who had a copy of the final PSR) to hand it to Reese at the conclusion of the hearing.

With respect to Reese's complaint that he did not receive the government's second sentencing memorandum and exhibits until the sentencing hearing: The Court notes that it admitted only four of those exhibits: (1) surveillance video from the Cenex gas station (Exhibit 5); (2) the recording and (3) transcript of the 911 call (Exhibits 1 and 2); and (4) a certified copy of Reese's 2017 conviction for domestic assault that is listed in ¶ 76 of the PSR (Exhibit 16). The government submitted the first three exhibits with its initial sentencing memorandum, *see* ECF No. 194, and Reese's filings make clear that he had notice of and access to those materials long before the sentencing hearing, *see* ECF No. 215.

Although it appears to be true that Reese did not receive a copy of Exhibit 16 until the sentencing hearing, Reese did not object to the admission of that exhibit, did not ask for time to study the exhibit, and in fact affirmatively stated at the hearing that he had no objection to the admission of any of the four exhibits. Moreover, as the Court noted at the hearing, even if the Court had sustained Reese's objection to the fact of the conviction in ¶ 76, his Guidelines range would have remained the same and the Court's ruling on the objection would have had no impact on sentencing.

With respect to Reese's motion for release of property to a third party: Under Fed. R. Crim. P. 41(g), a "person aggrieved . . . by the deprivation of property may move for the property's return." The proceedings in this Court have only just concluded, however, and there will almost certainly be further proceedings in this matter. Reese's motion is therefore premature. *See Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008) ("A Rule 41(g) motion is properly denied if . . . the government's need for the property as evidence continues." (citation and quotation marks omitted)).

ORDER

Defendant's motion to withdraw his plea, for re-sentencing, and for return of property [ECF No. 222] is DENIED.

Dated: July 15, 2019

 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge